IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DUTTON, | : | |
| | : | Consolidated Under |
| Plaintiff, | : | MDL DOCKET NO. 875 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 09-62916 |
| TODD SHIPYARDS CORP., et al., | : | |
| | : | Transferred from the |
| Defendants. | : | Northern District of |
| | : | California |

## MEMORANDUM ORDER

**AND NOW**, this 17th day of November 2009, it is hereby **ORDERED** that the Motion to Compel (Doc. No. 15) (the "Motion") of defendant, is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

Defendant, Todd Shipyards Corporation ("Todd"), filed the instant Motion requesting that the court compel numerous discovery responses from plaintiff. After two telephone conferences, there are several outstanding discovery issues on which the court must rule. Counsel for Todd has outlined the remaining issues in a letter to the court (Doc. No. 21), and the court will address these issues ad seriatim.

1. Settlement agreements

Todd seeks the production of the settlement agreements from plaintiff's previous state court asbestos personal injury action, his worker's compensation action, and from the claims he submitted to asbestos personal injury bankruptcy trusts. Todd argues that the settlement agreements are discoverable as relevant, admissible evidence under Fed. R. Evid.

408(b). Todd avers that these documents will not be used to show liability, but rather will be used for impeachment, to establish a claim for a set-off from damages under California law, and to "avoid juror confusion by explaining to the jury why other culpable entities are not present in the case." (Doc. No. 21 at 2.) Todd further argues that to the extent that a jury might misuse this evidence, a limiting instruction could be given by the court. Id. Plaintiff responds by contending that these agreements are not relevant evidence and are not reasonably calculated to lead to the discovery of relevant evidence. (Pl.'s Resp. to Mot. to Compel at 9, Doc. No. 17.)

Because public policy favors the compromise and settlement of disputes, courts place the burden upon the party seeking discovery of a confidential settlement agreement "to make a particularized showing 'that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence.'" Key Pharmaceuticals, Inc. v. ESI-Lederle, Inc., 1997 WL 560131, at *2 (E.D. Pa. Aug. 29, 1997) (quoting Fidelity Fed. Sav. and Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993)). For the following reasons, the court finds that defendant has not made a sufficient showing of how production of the settlement agreements will lead to admissible evidence. The court rejects the claim that defendant needs the agreements to "impeach" plaintiff. Defendant already knows that plaintiff filed claims against other asbestos manufacturers in state courts. Defendant has access to all state court pleadings. Defendant may impeach plaintiff with his state court filings to suggest that his exposure to asbestos occurred at times and places having nothing to do with defendant's conduct. While disclosure of the settlement agreements will reveal the amount of money plaintiff received from other asbestos manufacturers, the settlement amounts cannot be used to prove the extent of plaintiff's exposure to asbestos from another manufacturer's product. See

Fed. R. Evid. 408 (Evidence of settlement amounts is not admissible to prove liability for or the validity of a claim.). With respect to defendant's argument that under California law the amounts plaintiff received from settlements may be used as a set-off in the event of a jury verdict against it, that issue can be addressed after the entry of judgment, when the court would entertain defendant's set-off argument. See Lewin v. Am. Export Lines, Inc., 224 F.R.D. 389, 396 (N.D. Ohio 2004) (court refused to order disclosure of settlement amounts to be used for a set-off before a jury verdict). Finally, discovery of the amounts plaintiff received from other settling defendants is not necessary for the trial judge to explain to the jury why other culpable entities are not present in this case. The court, if it chooses, can simply explain that claims against other defendants were resolved, without mentioning the amount of monies received by plaintiff. Accordingly, the Motion is denied in so far as it seeks production from plaintiff of all settlement agreements from his prior personal injury action, his worker's compensation action and from claims he submitted to the bankruptcy trusts.

    2.    <u>Bankruptcy trust and worker's compensation documentation</u>

Todd asks the court to order the production of all documents submitted by plaintiff to bankruptcy trusts and all documents pertaining to his worker's compensation claim. From Todd's representations in correspondence with the court, as well as from telephone conferences with the parties, it is the court's understanding that plaintiff has agreed to produce these documents. Therefore, the court will require plaintiff to provide these documents to Todd within thirty days of the date of this Order.

3. Asbestos state court documentation

Todd requests that the court order plaintiff to produce all documents relating to plaintiff's prior asbestos personal injury suit from California state court. Plaintiff has offered to make these documents available to Todd for viewing and copying, provided Todd pay a reasonable copying fee. Todd, in its correspondence with the court, indicates that it is amenable to this offer. (Doc. No. 21 at 4.) Therefore, the court orders plaintiff and Todd to agree on a date for viewing and copying these documents within thirty days of the date of this Order.

4. Documentation supporting claim that plaintiff worked aboard ships built and/or repaired by defendant

Todd petitions the court to compel the production of all documents supporting plaintiff's contention that he worked aboard ships built and/or repaired by Todd. Plaintiff has agreed to produce documents responsive to this request. As these documents are directly relevant to Todd's potential liability in this case, plaintiff must produce these documents. All such documents must be produced and turned over to Todd within thirty days of the date of this Order. To the extent that deposition transcripts and National Archive Records are responsive documents, plaintiff must identify these with specificity so that Todd may obtain these documents within the thirty day period.

5. Specific dates during which plaintiff worked aboard ships built and/or repaired by defendant

Todd requests that plaintiff produce more specific dates during which Mr. Dutton worked aboard ships either built or repaired by Todd. Plaintiff answered interrogatories aimed at this information by stating that plaintiff worked aboard ships either built or repaired by Todd from 1976-1981 and from 1981-1986. Plaintiff further avers that he does not possess any further

4

information with regard to this request. Todd points to deposition testimony by Mr. Dutton which indicates that his employer has logs of the names of the ships aboard which he worked, and the corresponding dates. Plaintiff, to the extent more specific information is available, must produce the dates that Mr. Dutton worked aboard specific ships built or repaired by Todd. Plaintiff's counsel must make a good faith effort to acquire such information and produce it to Todd within thirty days of the date of this Order.

6. Names of witnesses

Todd asks the court to compel plaintiff to provide the names of all living witnesses in this case, and to make them available for depositions. Initially, only two co-workers were named as witnesses, but on October 26, 2009, plaintiff's counsel identified approximately a dozen more witnesses against Todd. Plaintiff has indicated that he has no objection to Todd's request to provide a list of these living witnesses and make them available for deposition. Therefore, the court will require plaintiff to provide a list of all living witnesses in this case to Todd by November 30, 2009. Furthermore, each witness must be made available for deposition by the end of the discovery deadline. Finally, as to witnesses who are deceased, but have been deposed in the past, plaintiff must provide the name of each relevant court reporting agency no later than November 30, 2009, so that Todd can obtain their deposition transcripts.

7. Medical treatment

Todd requests that the court require plaintiff to identify each of the doctors and medical facilities that have rendered medical treatment to Mr. Dutton, including the new set of treating physicians which Todd discovered through subpoenaing Mr. Dutton's medical records. Plaintiff, in telephone conferences with the court, has agreed to provide this information.

Consequently, the court will grant defendant's request and require that plaintiff produce a list of all Mr. Dutton's treating physicians and the medical facilities at which he received such treatment within fifteen days of the date of this Order.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge